# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# HUNTINGTON DIVISION

**ANDRED CLINTON DAVIS, JR.,** )
)
**Plaintiff,** )
**v.** ) **Civil Action No. 3:22-00150**
)
**PAUL DIAMOND,** *et al.*, )
)
**Defendants.** )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Defendants Diamond and Fleming's "Motion to Dismiss With Prejudice for Failure to Prosecute" (Document No. 53), filed on May 3, 2023; and (2) Defendants Diamond and Fleming's "Renewal of Motion to Dismiss" (Document No. 63), filed on September 7, 2023. For the reasons explained below, the undersigned respectfully recommends that the District Court grant Defendants Diamond and Flemings' "Motion to Dismiss With Prejudice for Failure to Prosecute" and "Renewal of Motion to Dismiss (Document Nos. 53 and 63).

## PROCEDURAL BACKGROUND

On March 28, 2022, Plaintiff, acting *pro se*,[1] filed his Complaint for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Document No. 1.) Plaintiff named the following as Defendants: (1) Betsy Jividen, Commissioner of WVDOC; (2) Carl Aldridge, Warden; (3) Paul Diamond, Captain; (4) Christopher Fleming, Major; (5) Keefe, LLC; (6) Sgt. Brewer; (7) Nurse Regina LNU; and (8) Lt. Davis. (Id., p. 4.) Plaintiff alleged that his

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

constitutional rights were violated on several occasions during his confinement at the Western Regional Jail ("WRJ"). (Id., pp. 8 – 9.) Plaintiff paid the filing fee on the same day as filing the Complaint and the Clerk issued process upon the named Defendants. (Document Nos. 1-1, 2 - 9.) On April 19, 2022, Defendants Brewer, Aldridge, Davis, Diamond, Fleming, and Jividen filed his Motion to Dismiss and Memorandum in Support and Defendant Regina Bryant's filed her "Motion to Dismiss, and in the Alternative, Motion for Summary Judgment" and Memorandum in Support. (Document Nos. 19 – 24.) On April 21, 2022, Defendant Keefe filed a Motion to Dismiss and Memorandum in Support. (Document Nos. 25 - 26.)

By Order entered on April 28, 2022, the above action was transferred to the undersigned for total pretrial management and submission of proposed findings of fact and recommendation for disposition. (Document Nos. 27 and 28.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on November 29, 2022, advising him of the right to file a response to Defendants' foregoing Motions (Document Nos. 19 – 26). (Document No. 29.) Plaintiff filed his Response in Opposition on July 11, 2022.[2] (Document No. 31.) On July 13, 2022, Defendant Keefe filed its Reply. (Document No. 32.)

On July 15, 2022, Defendant Bryant filed a "Motion for Enlargement of Time for Plaintiff to Respond to Regina Bryant, LPN's, Motion to Dismiss Complaint and Alternative Motion for Summary Judgment." (Document No. 34.) Specifically, Defendant Bryant requested that this Court allow "Plaintiff an extension to respond to her pending 'Motion to Dismiss Complaint and Alternative Motion for Summary Judgment' due to counsel's inadvertent failure to mail the Motion

---

[2] On June 1, 2022, Plaintiff filed a letter-form Motion for Extension of Time regarding the filing of his Response. (Document No. 30.) Plaintiff filed his Response on July 11, 2022. (Document No. 31.) The undersigned granted Plaintiff's Motion and considered Plaintiff's Response (Document No. 31) as being timely filed.

to the Plaintiff at the time it was filed." (Id.) Defendant Bryant further stated that on July 15, 2022, a copy of the "Motion to Dismiss Complaint and Alternative Motion for Summary Judgment" and Memorandum in Support "were deposited in the U.S. Mail and sent to Plaintiff at his address on file with the Court." (Id.) By Order entered on July 18, 2022, the undersigned granted Defendant Bryant's Motion and directed that Plaintiff shall file any Response to Defendant Bryant's "Motion to Dismiss Complaint and Alternative Motion for Summary Judgment" (Document No. 23) by August 16, 2022. (Document No. 37.) On August 2, 2022, Plaintiff filed a letter-form Motion for Appointment of Counsel. (Document No. 36.) By Order entered on August 3, 2022, the undersigned denied Plaintiff's Motion for Appointment of Counsel. (Document No. 37.)

On October 3, 2022, Plaintiff filed a letter-form Motion for Discovery. (Document No. 38.) By Order entered on October 26, 2022, the undersigned denied Plaintiff's foregoing Motion and notified Plaintiff that a motion for discovery is not a proper method for obtaining the requested information from a party in this litigation. (Document No. 41.) The undersigned notified Plaintiff that "[o]nce defendants are served with process, a plaintiff may engage in discovery pursuant to the Federal Rule of Civil Procedure" and "plaintiff may engage in accordance with Rule 26 through 37 of Federal Rules of Civil Procedure." (Id.) By Proposed Findings and Recommendation ("PF&R") entered on October 26, 2022, the undersigned recommended as follows:

> [T]hat the District Court **GRANT** Defendant Brewer's Motion to Dismiss (Document No. 19), **GRANT** Defendant Nurse Regina Bryant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Document No. 23), **GRANT** Defendant Keefe Group's Motion to Dismiss (Document No. 25), and **GRANT in part and DENY in part** Defendants Aldridge, Davis, Diamond, Fleming, Jividen's Motion to Dismiss (Document No. 21). Specifically, the undersigned recommends that Defendants Aldridge, Davis, Diamond, Fleming, Jividen's Motion to Dismiss (Document No. 21) be **GRANTED** as to Plaintiff's claim of a due process violation, equal protection violation, First Amendment violation, and supervisory liability. The undersigned recommends that Defendants Aldridge, Davis, Diamond, Fleming, Jividen's Motion to Dismiss (Document No. 21) be **DENIED** as to Plaintiff's Eighth Amendment claim against Defendants

3

>Diamond and Fleming for their alleged failure to allow Plaintiff to decontaminate following Plaintiff's exposure to chemical spray.

(Document No. 40.) On November 15, 2022, Plaintiff filed a second letter-form Motion for Appointment of Counsel. (Document No. 42.) By Memorandum Opinion and Order entered on November 18, 2022, United States District Judge Robert C. Chambers adopted the undersigned's PF&R and referred the matter back to the undersigned for further proceedings as to Plaintiff's Eighth Amendment claim against Defendants Diamond and Fleming for their alleged failure to allow Plaintiff to decontaminate. (Document No. 43.) By Order entered on January 11, 2023, the undersigned denied Plaintiff's letter-form Motion for Appointment of Counsel. (Document No. 46.) By Scheduling Order entered on January 11, 2023, the undersigned set forth deadlines for the completion of discovery and the filing of dispositive motions concerning Plaintiff's Eighth Amendment claim against Defendants Diamond and Fleming for their alleged failure to allow Plaintiff to decontaminate. (Document No. 47.) On February 14, 2023, Defendants Diamond and Fleming filed a Certificate of Service for their First Set of Interrogatories and Requests for Production of Documents to Plaintiff. (Document No. 49.) On February 16, 2023, Plaintiff filed as an Exhibit a letter from Dr. Vladmir Danailov stating that Plaintiff had been "diagnosed with post-traumatic headaches and migraines" after a motor vehicle accident[3] on September 24, 2022. (Document No. 51.) On April 17, 2023, Defendants Diamond and Fleming filed a Notice of Deposition of Plaintiff. (Document No. 52.)

On May 3, 2023, Defendants Diamond and Fleming filed a Motion to Dismiss With Prejudice for Failure to Prosecute and Memorandum in Support. (Document Nos. 53 and 54.) Specifically, Defendants Diamond and Fleming (hereinafter "Defendants") request that Plaintiff's

---

[3] Dr. Danailov indicated that Plaintiff's vehicle was "struck by a truck going 25 mph on the passenger side of his vehicle." (Document No. 51.)

Complaint be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff has failed to prosecute his case and comply with this Court's Order. (Document No. 54.) Defendants explain that Plaintiff was released from custody after the filing of his Complaint. (Id., p. 1.) Defendants acknowledge that Plaintiff "provided and corresponded from an address listed on the CM/ECF system." (Id.) Although Defendants state that Plaintiff was served with Interrogatories and Requests for Production of Documents on February 14, 2023, Plaintiff "has never responded to these discovery requests." (Id.) Defendants state that defense counsel "attempted to reach Plaintiff via telephone and via a letter sent on April 17, 2023, regarding these discovery requests." (Id.) Defendants contend that "[t]o date, Plaintiff has never responded to Defendants' counsel's letter or attempted telephone calls." (Id., p. 2.) Defendants further note that Plaintiff was sent a Notice of Deposition of Plaintiff on April 17, 2023, which notified Plaintiff of his deposition for May 2, 2023, at 9:00 a.m. at Defendants' counsel's office in Charleston, West Virginia. (Id.) Defendants note that Plaintiff failed to appear for the deposition and defense counsel has not received any communication from Plaintiff regarding such. (Id.) Defendants, therefore, argue that they can satisfy all factors for dismissal pursuant to Rule 41(b). (Id., pp. 2 – 5.)

By Order entered on May 5, 2023, the Court directed Plaintiff to file a response to the above Motion and show cause in writing as to why this action should not be dismissed for failure to prosecute. (Document No. 55.) On May 19, 2023, a letter-form Response was filed on behalf of Plaintiff. (Document No. 56.) Specifically, a Loran Ford filed a letter-form Response on behalf of Plaintiff. (Id.) Ms. Ford states as follows on behalf of Plaintiff:

> [H]e has informed the court he cannot help himself. These are his words, not mine. I informed the court that I needed an attorney on 2-16-2023, per doctor's orders that has yet to be ruled on, yet I continue to receive notices that the case is due to be dismissed from the Defendants due to failure to prosecute. This is systematic racism at its height and I'm being denied access to the courts. This bias, racist system works fine when it's putting black people in cages, but yet the pendulum

> never swings the other way. The truth of the matter is the courts wish to deny opportunity to pursue my claim as to discourage other black and poor people to come forth with claims pro se. As USC 1983 allows, I am not quitting. I want all of this documented for appeal purposes if I am denied and this case is thrown out. I have done everything in my power, like the courts have asked and complied with all the rules. I've called several times and spoke with secretaries and docket clerks, and have received basically no answers. I ask that the courts remedy this and do its job impartially and give me the opportunities the law allows.

(Id.)

On May 25, 2023, Defendants filed a Reply. (Document No. 57.) Defendants argue that despite Plaintiff's representation that he wishes to pursue this matter and that he has done everything in his power to comply with the rules, Plaintiff completely failed to participate in discovery. (Id.) Defendants again note that "[t]o date, Plaintiff has never responded to Defendants' Interrogatories and Requests for Production of Documents which were served on February 14, 2023, and he failed to appear for his own deposition, which was set for May 2, 2023." (Id.) Defendants argue that "Plaintiff's letter fails to offer any explanation for why he has failed to participate in this process despite letters and attempted telephone calls from Defendants' counsel." (Id.) Finally, Defendants note that they were unable to adequately prepare a dispositive motion that were due by June 12, 2023, because Defendants were unable to conduct meaningful discovery due to Plaintiff's refusal to participate. (Id.) Therefore, Defendants conclude that their above Motion should be granted because "[d]espite his statements to the contrary, it is clear that Plaintiff has not complied with this Court's orders and the Federal Rules of Civil Procedure." (Id.)

Despite Plaintiff's complete failure to participate in discovery or communicate with defense counsel regarding discovery, the undersigned noted that Plaintiff did respond to the Court's Order requiring him to show cause why the above action should not be dismissed for failure to prosecute. (Document No. 58.) Although the undersigned found Plaintiff's claim that he has "done everything in [his] power" to prosecute this case to be disingenuous, the undersigned

6

gave weight to the fact that Plaintiff did respond to the Court's Order and the indication of Plaintiff's continued desire to prosecute this action. (Id.) Accordingly, the undersigned held Defendants' "Motion to Dismiss With Prejudice for Failure to Prosecute" (Document No. 53) in abeyance and granted Plaintiff a brief extension of time to participate in discovery. (Id.) Specifically, the undersigned directed as follows:

> Plaintiff shall (1) respond to Defendants' Interrogatories and Requests for Production of Documents within thirty (30) days of the entry of this Order, and (2) make himself available to defense counsel for the purposes of attending his deposition within sixty (60) days of the entry of this Order.

(Id.) Finally, the undersigned specifically notified Plaintiff "that any future failure to participate in discovery will weigh heavily in favor of dismissal for failure to prosecute under Rule 41." (Id.)

On August 1, 2023, Plaintiff filed his third letter-form Motion for Appointment of Counsel. (Document No. 59.) On August 2, 2023, the undersigned denied Plaintiff's letter-form Motion for Appointment of Counsel. (Document No. 60.) On September 7, 2023, Defendants filed their "Renewal of Motion to Dismiss." (Document No. 63.) In support, Defendants state that "despite the Order of this Court, Plaintiff has failed once again to respond to Defendants' Interrogatories and Requests for Product of Documents, and to participate in discovery as required." (Id.) Defendants, therefore, renew their Motion to Dismiss and request that the Court grant their Motion to Dismiss pursuant to Rule 41, with prejudice. (Id.)

By Order entered on September 8, 2023, the Court directed Plaintiff to file a response to the above Motion and show cause in writing as to why this action should not be dismissed for failure to prosecute. (Document No. 64.) On September 26, 2023, a letter-form Response was filed on behalf of Plaintiff. (Document No. 67.) Specifically, a Melissa Lester filed a letter-form Response on behalf of Plaintiff. (Id.) Ms. Lester states as follows on behalf of Plaintiff:

> I, Melissa Lester, am writing verbatim the words of Andred Davis, Jr. This

7

is in response to a letter I received in the mail that has been read to me to the best of their ability. For the better part of 2 years, I have been fighting the system for the justice I know is due. If I didn't have a case, it would've been dismissed a long time ago. This court believes that I'm just a stupid nig*er and doesn't believe I deserve anything even though the constitution says I do. This is a bias, racist process and has been from the beginning. The deck has been stacked against me. White men in power love the laws that benefit them, but when they don't, they want to ignore the laws. I asked Judge Chambers for an attorney 10 months ago and he has yet to rule on my motion. Even though I provided documentation from my doctor that says I have conditions thereof. But because this will benefit me, he will not give me the justice I seek. This country hates when people speak truth to power but, here I stand this ruse of me failing to prosecute is a way to say I quit and protect yourself while saying I have a fair opportunity. Even a dumba*s nig*er with a GED like me, knows that. To prove it even further look up case Davis v. Milton in which Judge Chambers ruled against me and knocked some of my claims down causing me not to seek all recovery that was due to me. With this being said, let us stop this charade and dismiss my claim seeing as that's what you white devils want anyways and I will file my appeal and take my chances there. I never asked to be treated anything other than fairly and allow the courts to decide, but this has been one-sided. This system is just fine when locking up poor black people. Runs like a well-oiled machine under the guise ignorance is no excuse. Yet when looking down the same barrel accountability is nowhere to be found. Funny how America works in that regard. I've paid my money to access the courts. I've done all that was asked of me and still haven't receive one favorable ruling. So once again, if you won't give me the attorney that is due to me because of my circumstances, then dismiss my case so I can move forward. I will not bow down and I will not quit whether I can see or understand what you all are doing or saying. I'll see you in hell before I stop. Have a wonderful day.

(Id.)

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute.[4] See Link v.

---

[4] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party

Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for his lack of participation. The record reveals that Plaintiff refused to participate in discovery despite

---

under Rule 19 - - operates as an adjudication on the merits.

9

defense counsel's attempts to contact Plaintiff via written communications and telephone calls. Plaintiff appears to argue that he failed to participate because the Court failed to rule on his motion for appointment of counsel. The record, however, clearly indicates that the Court entered Orders denying Plaintiff's motions for appointment of counsel and the Clerk was directed to mail Plaintiff a copy of these Orders. (Document Nos. 37 and 46.) There is no indication from the record that Plaintiff did not receive a copy of these Orders because no mail has been returned from his provided address. Furthermore, Plaintiff could have determined the status of his motion by requesting a copy of the docket sheet. The mere fact that Plaintiff was either unaware of the status or dissatisfied with the Court's ruling on his motions for appointment of counsel, does not justify Plaintiff's lack of participation or disregard of the deadlines set forth in the Court's Scheduling Order.[5] Following the filing of Defendants' "Motion to Dismiss With Prejudice for Failure to Prosecute," the undersigned entered an Order notifying Plaintiff that his motions for appointment of counsel had been denied and granting Plaintiff additional time to respond to Defendants' discovery requests. (Document No. 58.) Plaintiff, however, again refused to participate in discovery. Plaintiff indicates that he is refusing to participate because this Court is racist and he is dissatisfied with the Court's denial of his request for appointment of counsel. (Document No. 67.) Finally, the Court finds that there is no indication that forces beyond Plaintiff's control are the cause of his neglect. Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals prejudice to the Defendants. Defendants indicate that they expended time or resources preparing written discovery requests to Plaintiff and

---

[5] Plaintiff's conclusory claim that this Court either failed to rule upon or denied his motion for appointment of counsel due to racism is unsupported by any factual allegations and without merit.

scheduling a deposition of Plaintiff. Plaintiff, however, completely failed to respond to the written discovery requests and failed to appear for his properly noticed deposition. See Dixon v. Live Nation Worldwide, Inc., 2017 WL 3444796, * 2 (S.D.W.Va. Aug. 10, 2017)(J. Copenhaver)(noting that defendants were prejudiced and incurred fees and costs due to plaintiff's failure to respond to discovery requests). To the extent Defendants argue they were prejudiced by the inability to engage in meaningful discovery, the undersigned finds that such prejudice could have been alleviated by an extension of the discovery deadlines. Despite this Court's attempt to remedy this potential prejudice by allowing Plaintiff additional time to participate in discovery, Plaintiff again refused to participate. Accordingly, the undersigned finds that Defendants have suffered prejudice.

With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." As explained above, the record indicates that Plaintiff intentionally failed to participate in the discovery process. Plaintiff further disregarded defense counsel's attempts to contact Plaintiff via telephone and letter regarding the discovery requests. Despite this Court's granting of additional time to participate in discovery, Plaintiff again deliberately refused to participate in discovery. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Thus, the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either

Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as a *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's continued failure to prosecute this action by participate in discovery despite the Court's Order granting the extension of time. The undersigned specifically notified Plaintiff "that any future failure to participate in discovery will weigh heavily in favor of dismissal for failure to prosecute under Rule 41." (Id.) In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that Defendants' "Motion to Dismiss With Prejudice for Failure to Prosecute" (Document No. 53) and "Renewal of Motion to Dismiss" (Document No. 63) be granted.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Defendants Diamond and Fleming's "Motion to Dismiss With Prejudice for Failure to Prosecute" (Document No. 53) and "Renewal of Motion to Dismiss" (Document No. 63), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written

objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Chambers and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: September 27, 2023.

Omar J. Aboulhosn
United States Magistrate Judge